IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, VESCOR CAPITAL, INC., a Nevada corporation, VESCORP CAPITAL, LLC, a Nevada limited liability company, VESCORP CAPITAL IV-A, LLC, a Nevada limited liability company, and VESCORP CAPITAL IV-M, LLC, a Nevada limited liability company, and affiliates,<br><br>   Plaintiffs,<br><br>vs.<br><br>ALBERT CLARK ALVEY, SCOTT FRANCIS BARBEN, MICHAEL LEE CHILD, GEORGE EDWARD DENNIS, CHRISTOPHER JOHN GUTER, CRAIG HANDSEN, JAMES KELLY HANSEN, RAUL HEVIA, TRAVIS JOHN HUDAK, JOHN SCOTT IRWIN, DAVID WILLIAM HAMES, CLIVE PACE, HAMES MICHAEL ROMERA, GLEN DAVID STACEY, STIPEK SECURITIES, LLC, a California limited liability company, STEVEN ROBERT SUMMERS, MARTIN JOHANNE VAN AMEN, CHRISTOPHER ZOCKOLL, COREY ZIMET,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:08-cv-796 |

Before the Court is Defendant Scott Barben's (Barben) Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review and consideration of the briefs submitted by the parties, the Court enters the following Memorandum Decision and order.

## I.  Factual Background

This case arises in the aftermath of the collapse of a Ponzi scheme devised by Val Edmund Southwick in 1990. Over the course of approximately 16 years, Southwick,  VesCor Capital Corp, VesCor Capital, Inc., VesCorp Capital, LLC, VesCorp Capital IV-A, LLC, VesCorp Capital IV-M, LLC, and other affiliated limited partnerships, corporations, and business entities (collectively referred to as "VesCor") grew to over 150 shell entities with debts owed to over 800 investors. On or about May 31, 2006, Southwick's scheme collapsed under it's own weight and Southwick stopped paying monthly interest payments and principal redemptions to most investors.

On February 6, 2008, the United States Securities and Exchange Commission ("SEC") filed suit against Southwick and VesCor, alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. On March 31, 2008, in a separate state action, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third District Court of Utah, and was later sentenced to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law. On May 5, 2008, this Court appointed Robert G. Wing as Receiver for VesCor and its affiliated entities.

The Receiver brought the present lawsuit on October 14, 2008 against the Defendants, who allegedly were all "agents and/or principals of Investment Management Corporation (IMC)," *Complaint*, ¶ 1, Dkt. 2, a licensed broker dealer firm that operated out of Bountiful,

Utah and sold millions of dollars in VesCor securities, *id.*, ¶ 28. The lawsuit alleges that the payments made to the Defendants--which flowed from VesCor and through IMC--constitute fraudulent transfers. *Id.* ¶ 39-40. Accordingly, the Receiver seeks the return of these payments, in an amount to be determined at trial, plus interest, costs, and attorneys' fees. *Id.* ¶ 41.

## II. Discussion

Under the Utah Fraudulent Transfer Act, "a transfer made . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor; or without receiving a reasonably equivalent value in exchange for the transfer." Utah Code Ann. § 25-6-5(1)(a), (b). It is well-established that this intent may be inferred from the mere fact that a debtor is managing a Ponzi scheme. *See, e.g.*, *Wing v. Harrison*, 2004 WL 966298, at *2 (D. Utah Apr. 29, 2004); In re *Independant Clearing House*, 77 B.R. 843, 866 (D. Utah 1987). Furthermore, numerous courts have also held that a "criminal conviction for operating a Ponzi scheme establishes the operator's fraudulent intent." *Terry v. June*, 432 F.Supp.2d 635, 640 (W.D.Va. 2006) (listing cases).

In his motion to dismiss, Barben argues that the Receiver has failed to plead the two transfers at issue–first, the transfer from VesCor to IMC, and second, the transfer from IMC to Barben–with the requisite particularity. He further argues that the Complaint fails to put the Defendants on notice as to the exact periods during Vescor's sixteen-year legacy that it was operating as a Ponzi scheme.

Given the established case law regarding the inference of intent in cases involving proven Ponzi schemes, the Court finds that the Receiver's fraudulent transfer claim is sufficiently plead to survive Barben's motion to dismiss. The Receiver's complaint sets out that payments were

made from VesCor, a proven Ponzi scheme, to the Defendants via IMC. Whether Barben might nevertheless have a viable "subsequent transferee" defense, under *Rupp v. Markgraf*, 95 F.3d 936, 941 (10th Cir. 1996), is a matter for another day. The question as to whether VesCor operated as a Ponzi scheme at the exact times Barben received the payments at issue in this case is similarly properly left for trial or other appropriate procedure. Defendant Scott Barben's Motion to Dismiss is DENIED.

**IT IS SO ORDERED**

DATED this 29th day of January, 2009.

Dee Benson
United States District Judge